

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF SOUTH CAROLINA

TIMOTHY CHABOT,                                    Case No.

　　　　Plaintiff,

Vs.

JOSEPH P. KENNEDY,

SHANNON L. NEE KENNEDY OLIVER

KENNEDY LAW FIRM

AKA KENNEDY KENNEDY & IVES, LLC

　　　　Defendants,

## PLAINTIFF'S COMPLAINT FOR LEGAL MALPRACTICE

Now comes Timothy Chabot, Pro Se, complaint for professional malpractice against Joseph P. Kennedy, Shannon L. Nee Kennedy Oliver and The Kennedy Law Firm aka Kennedy Kennedy & Ives, LLC.

## PARTIES

1. The Plaintiff Timothy Chabot resides in Myrtle Beach, South Carolina.

2. The Defendants Joseph P. Kennedy and Shannon L. Nee Kennedy Oliver are residents Of New Mexico whom both are attorney's within the New Mexico bar association.

3. Upon information and belief, The Kennedy Law Firm aka Kennedy Kennedy & Ives, LLC. is a Professional Corporation registered to do business in the State of New Mexico and was doing business in Bernalillo County, New Mexico at all times hereto located at:

   1000 2nd Street NW

   Albuquerque, NM 87102.

## JURISTICTION AND VENUE

4. This is a civil action; this court has jurisdiction pursuant to 28 U.S.C § 1332 and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

5. All defendants including the corporation The Kennedy Law Firm aka Kennedy Kennedy & Ives, LLC., were and still are doing business in the state of New Mexico.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391

7. The amount in controversy exceeds $75,000.000

## BACKGROUND AND STATEMENT OF FACTS

8. On August 17, 2007 Timothy was arrest for domestic violence battery on his sister; criminal damage and resting arrest/obstructing an officer and battery on an officer case number DV345607 in Bernalillo county of New Mexico.

9. Subsequently Mr. Chabot hired Joseph Kennedy and The Kennedy Law Firm aka Kennedy Kennedy & Ives, LLC., to represent him. Timothy was found not guilty of battery and domestic violence and not guilty on battery against the officer in which the original complainant had called the police department for.

10. Joseph Kennedy appeared and filed in court as his lawyer with the promise Timothy Chabot and his mother Martha Wilson would follow through with a lawsuit against the officers and the city for constitutional violations.

11. On August 23, 2008 Timothy Chabot was sentenced on the remaining criminal charges. Joseph Kennedy and his law firm told Mr. Chabot he was appealing his case.

12. Joseph Kennedy and his law firm filed a notice of appeal in the Metropolitan Court on August 24, 2008. Timothy Chabot, his mother Martha Wilson and his sister Tiffany Chabot kept emailing Mr. Kennedy and his law firm to inquiring about the appeal Mr. Kennedy assured all three that he had filed an appeal and everything was fine; and that he would handle it. More so that he had filed it and he was waiting on a decision and he would contact us when the decision came in. In which time Timothy had moved to North Carolina after New Mexico and himself and his mother along with his sisters moved to Frederick Maryland and then recently to Myrtle Beach South Carolina. During his time in North Carolina he remained trouble free until he was pulled over in Frederick Maryland.

13. Consequently Timothy Chabot with his sister in the car had been pulled over for a vehicle he was driving that had a tail light out in Frederick Maryland. The police drew their guns on Timothy Chabot due to an active warrant in which Timothy Chabot was unaware of. The next day Mr. Timothy was driving while his mother was following him again he was pulled over. He was told he had a warrant out for his arrest. He explained again that his case was under appeal. The officer told him that the he needed to call his attorney. It was very traumatic event for Mr. Chabot and his sister. Mr. Chabot then called his mother Martha Wilson and his sister Tiffany Chabot and had told them what had happened.

14. Again Tiffany Chabot contacted Mr. Kennedy and the law firm and still was re assured everything was fine and that the firm and himself were handling it and not to worry that the case was under appeal and that he was waiting on the decision.

15. The Plaintiff the plaintiff's mother and older sister continually contacted the Defendants about filing their civil case against the city and the officers for the constitutional violations.

16. Timothy Chabot, his mother Martha Wilson and older sister Tiffany Chabot kept calling the Kennedy Law Firm to find out what was going on with their civil case on numerous occasions.

17. The Defendants almost missed the deadline in the case which was eventually filed in the New Mexico 2nd United States District Court. It was only the Plaintiff's sister who contacted the Defendants about the Plaintiffs claim and about the statute of limitations is when the Defendants then filed the case even though throughout the whole time told all of them not to worry.

18. The Defendants missed the filing deadline to sue the city which the Defendants failed to put the city on notice within six months of the incident and therefore the Plaintiffs could only to file against the officers individually.

19. The Defendants waited 2 years and 11 months to file a complaint against the officers almost missing the deadline it wasn't until Tiffany Chabot the Plaintiff's sister called repeatedly is when the Defendants filed the lawsuit on behalf of the Plaintiff Timothy Chabot.

20. After all parties were deposed the Defendants filed a motion for summary judgment against the officers.

21. The Honorable Judge Brown ruled one of the accounts and denied the other accounts due to it was unclear if Timothy Chabot came willing to the door.

22. The Defendants knowingly knew that the officers had testified that the Plaintiffs mother forced him to the door due to threats of the officers and testified to that fact as Timothy and his mother also testified to but never entered the evidence into court on his behalf nor his mother's behalf.

23. The Defendants failed to reply to the states response to the motion for summary judgment and enter evidence that was available to them to back up the other fore mention claims in the lawsuit in which is clearly outline in Judge Browns memorandum opinion in order is to why he ruled the way that he did and what he was looking for to rule on the other accounts.

24. During the said depositions of the plaintiff. The Defendants told the Plaintiff that he would dismiss his claim against the officers but would re file later on his behalf and not to worry.

25. The Plaintiff, the Plaintiff's mother, and sister kept reiterating to the Defendant that it was necessary for the Defendant to take care of the plaintiffs warrant so that he could attend and be a witness at trial.

26. The Defendants failed to take care of the Plaintiffs warrant and so he could not attend the trial due to the fact of the threats from the police and was scared of the police due to the warrant and retaliation from the police.

27. During the trial the Defendants took upon themselves to dismiss the Plaintiffs' claims with prejudice in open court without the Plaintiff's knowledge in court and without speaking to him first and after making him promises not to worry he would re file his case at a later time.

28. The Honorable Judge Brown entered a final judgment in the amount of $67,500.00 in favor of Martha Wilson and stated "Chabot's claims against Jara and Vasquez are dismissed with prejudice based on the representations of counsel. Additionally, the case is dismissed with prejudice."

29. When the Plaintiff found out he immediately filed a Plaintiff's motion to vacate the final judgment of dismissal with prejudice/in the alternative amend the final judgment.

30. Honorable Magistrate Judge Lynch ruled on the initial motion stating "These two affidavits are sufficient to overcome the presumption that Kennedy had authority to dismiss the case with prejudice and, at minimum, warrant an evidentiary hearing on the matter which was docketed on February 1, 2012. ***See Exhibit A***

31. The Plaintiff then filed a motion objecting to the Magistrates judge's opinion and order filed on February 14, 2012.

32. The Honorable Judge Brown stated in his opinion stated after reading affidavits submitted to the plaintiff's motion as exhibits "Because the Tenth Circuit has recognized that a party's testimony that the part did not authorize an attorney to act on the party's behalf is "affirmative proof" sufficient to overcome the presumption that the attorney acted within his authority when entering into a stipulation, the Court finds that the affidavits, statement, and letter that Timothy Chabot submitted are affirmative that Mr. Kennedy did not act within his authority when he agreed to dismissal with prejudice *Thomas v. Colo. Trust Deeds Fund In.* 366 F.2d 136,139-40 (10th Cir. 1966). Other than the presumption that an attorney acts within his authority, there is no evidence that Mr. Kennedy was authorized to dismiss Timothy Chabot's claims with prejudice. Accordingly, the Court concludes that Kennedy acted without authority to dismiss the claims with prejudice" ***See Exhibit B***

33. The final ruling was entered on May 10, 2012, from Honorable Judge Brown.

34. Furthermore the Magistrate Judge Lynch and Honorable Judge Brown determined although Timothy was correct in the situation his statute of limitation would have run and that there wouldn't have been a problem if the defendants had filed his complaint earlier in a timely matter. He noted that the Defendants waited two years and eleven months to file the claim and that if he had filed in a timely matter Timothy Chabot would've had the chance to re file his case against the officers.

35. In addition it has come to the Plaintiffs attention that the Defendants missed the Plaintiff's filing deadline in his criminal appeal.

36. As stated in the court records "Timothy Chabot's appeal case number: case number: D-202-LR-200800078. "FILING ORDER OF DISMISSAL OF APPEAL ON CHABOT; FOR THE REASON THAT APPELLANT DID NOT BRING CASE TO TRIAL W/IN SIX MONTHS AS REQUIRED BY RULE 7-703(L); HEREBY DISMISSED "

37. The Plaintiff never knew the Defendants missed his appeal because the Defendants kept telling him it was under appeal which has turn out to be a lie.

38. Timothy Chabot has endured being pulled over and harassed due to the Defendant's actions of not taking care of the warrant, emotional distress, suitable employment and compensation from the civil case

39. *Timothy Chabot currently has a warrant that the Defendants who promised to take care of* have yet to have taken care of and will incur financial burdens to have the warrant cleared up.

40. *The Defendants also committed fraud when they tried to bill Timothy Chabot's case* against Martha Wilson's case.

## COUNT I

## LEGAL MALPRACTICE AGAINST DEFENDANT'S JOSEPH KENNEDY, SHANNON KENEDY, AND THE KENNEDY LAW FIRM AKA KENNEDY KENNEDY & IVES,LLC

41. Plaintiff refers to and incorporates herein the allegations, statements and all above paragraphs herein above, and makes them a part of hereof as though set forth at length.

42. An attorney-client relationship existed between Timothy Chabot and Joseph Kennedy, Shannon Kennedy and The Kennedy Law firm.

43. The Defendants entered their appearance in the Plaintiff's criminal and civil case.

44. The Defendants owed the Plaintiff Timothy Chabot a duty of care in his criminal and civil case in which they failed on all accounts.

45. The Defendants were the proximate cause of Timothy Chabot's criminal case being dismissed due their acts of not filing the appeal in a timely matter causing his case to be dismissed.

46. The Defendants are the proximate cause of the Plaintiff Timothy Chabot's current and active warrant.

47. The Defendants are the proximate cause of the Plaintiff Timothy Chabot's civil case against the city being denied due to they did not put the city on notice as required by law.

48. The Defendants are the proximate cause why Timothy Chabot could not testify at trial.

49. The Defendants are the proximate cause of the Plaintiff Timothy Chabot's case being dismissed with prejudice against the officers and took it upon themselves and without authority, consent, or knowledge of the Plaintiff when they committed such acts.

50. The Defendants are the proximate cause that evidence was never submitted nor a rebutted to the summary judgment was not entered.

51. As a result of the Plaintiff Timothy Chabot incurred actual damages as a result of the Defendants actions or inactions.

52. Due to the Defendants actions the Plaintiff would have prevailed in his cases.

53. Plaintiff Timothy Chabot has met his burden of the elements against the Defendant's for Legal Malpractice as stated above in the fore mention statement of facts and exhibits.

## COUNT II

## BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT'S JOSEPH KENNEDY, SHANNON KENEDY, AND THE KENNEDY LAW FIRM AKA KENNEDY KENNEDY & IVES,LLC

54. Plaintiff refers to and incorporates herein the allegations, statements and all above paragraphs herein above, and makes them a part of hereof as though set forth at length.

55. Defendants each of them, owed Timothy Chabot a fiduciary duty to act at all times in a good faith and in Timothy Chabot's best interest, and had a duty, among other things, to perform the services for which they were retained with reasonable care and skill, to act in Timothy Chabot's highest interest and best interests at all times, and not expose Timothy Chabot to any unnecessary risks or peril. This fiduciary and confidential relationship was never repudiated by the defendants at any time during the previous stages of litigation.

56. Defendants each of them breached their fiduciary duties and obligations to the Plaintiff by doing all of the acts and omissions as here alleged. Among other things the Defendants breach their fiduciary duties by failing to properly file the Plaintiff's criminal appeal, properly filing the plaintiff's civil case in a timely matter, dismissing his case with prejudice without his knowledge, failing to take care of his warrant so he could testify the above mentioned case, failing to reply and submit evidence at the summary judgment stage of the trial.

57. Furthermore, in doing all of the above described acts and omissions constituting Defendant's breach of their fiduciary duties owed to Timothy Chabot, Timothy Chabot has lost any and all changes to seek damages from his previous case and still currently has an active warrant that they never took care of. He has also lost job opportunities and has been harassed by other police due to his active warrant and suffered emotional distress at the very least.

58. An attorney-client relationship existed between Timothy Chabot and Joseph Kennedy, Shannon Kennedy and The Kennedy Law firm.

59. The Defendants entered their appearance in the Plaintiff's criminal and civil case.

60. As a result of the attorney-client relationship between the Plaintiff and the Defendants, each of the Defendants owed a duty of care and skill to the Plaintiff.

61. An attorney exercising the knowledge, skill, and ability ordinarily possessed and exercised by member of the legal profession in similar circumstances;

a) Would have timely filed a valid criminal appeal on Timothy Chabot's behalf and not have missed the deadline.

b) Would have timely filed a valid civil suit against the City of Albuquerque on behalf of Timothy Chabot.

c) Would have timely taken care of the Plaintiff's warrant so that he had the chance to testify in the civil case against the officers and not had mislead the Plaintiff by telling him that his case was still under appeal when they had knowingly missed the deadline.

d) Would have timely filed a response to the opposition to the summary judgment in which the Honorable Judge Brown was asking if Timothy Chabot came to the door willingly in

which the deposition of all parties in the case testify that he did not and entered evidence to such fact.

e) Would never had mislead Timothy Chabot to drop his case with promise that he would re file on his behalf knowing that he did not file the original civil suit in a timely matter in which he knew Timothy Chabot couldn't because he would be outside the statute of limitations.

f) Would have never gone out his scope and without authority as to drop Timothy Chabot's claim with prejudice without talking, conferring or consent from Timothy Chabot.

62. Had the Defendant's never breached their fiduciary duty above entitled acts (a-f) Timothy Chabot would have had the opportunity to have his criminal case appealed and heard.

63. Timothy Chabot's mother was awarded $67,500.00 in her case and would have received more the jury stated after the trial that they wanted to give her more but without Timothy Chabot's testimony they felt they couldn't.

64. He would have testified in the civil case and would have received the same amount if not more than the other Plaintiff Martha Wilson.

65. As a direct and proximate result of the Defendant's breached their fiduciary duty to the Plaintiff and committed of the above entitled acts (a-f) Timothy Chabot case was dismissed with prejudice and could not filed because he was outside of the statute of limitations due to the fact the Defendants filed the civil suit within a month of the statute of limitations, was unable to testify and to this day still has an active warrant.

66. The Honorable Magistrate Lynch and Honorable Judge Browning noted that indeed that the Defendant's had no authority to do what they did and at the very least warranted an evidential hearing.

67. Timothy Chabot incurred damages due to the Defendants actions and will incur more damages including this lawsuit and future legal fees to take care of Timothy Chabot's warrant.

68. Consequently for the foregoing reasons, the Defendants are jointly and severally liable to the Plaintiff for their breach of fiduciary duty.

## COUNT III

## NEGLIGENCE AGAINST DEFENDANT'S JOSEPH KENNEDY, SHANNON KENEDY, AND THE KENNEDY LAW FIRM AKA KENNEDY KENNEDY & IVES,LLC

69. Plaintiff refers to and incorporates herein the allegations, statements and all above paragraphs herein above, and makes them a part of hereof as though set forth at length.

70. Plaintiff Timothy Chabot has met his burden of the elements against the Defendants for Negligence.

71. An attorney-client relationship existed between Timothy Chabot and Joseph Kennedy, Shannon Kennedy and The Kennedy Law firm.

72. The Defendants entered their appearance in the Plaintiff's criminal and civil case.

73. As a result of the attorney-client relationship between the Plaintiff and the Defendants, each of the Defendants owed a duty of care and skill to the Plaintiff.

74. An attorney exercising the knowledge, skill, and ability ordinarily possessed and exercised by member of the legal profession in similar circumstances;

   a) Would have timely filed a valid criminal appeal on Timothy Chabot's behalf and not have missed the deadline.

b) Would have timely filed a valid civil suit against the City of Albuquerque on behalf of Timothy Chabot.

c) Would have timely taken care of the Plaintiff's warrant so that he had the chance to testify in the civil case against the officers and not had mislead the Plaintiff by telling him that his case was still under appeal when they had knowingly missed the deadline.

d) Would have timely filed a response to the opposition to the summary judgment in which the Honorable Judge Brown was asking if Timothy Chabot came to the door willingly in which the deposition of all parties in the case testify that he did not and entered evidence to such fact.

e) Would never had mislead Timothy Chabot to drop his case with promise that he would re file on his behalf knowing that he did not file the original civil suit in a timely matter in which he knew Timothy Chabot couldn't because he would be outside the statute of limitations.

f) Would have never gone out his scope and without authority as to drop Timothy Chabot's claim with prejudice without talking, conferring or consent from Timothy Chabot.

75. Had the Defendant's never committed the entitled negligent acts (a-f) Timothy Chabot would have had the opportunity to have his criminal case appealed and heard.

76. Timothy Chabot's mother was awarded $67,500.00 in her case and would have received more the jury stated after the trial that they wanted to give her more but without Timothy Chabot's testimony they felt they couldn't.

77. Had the Defendant's never committed the above entitled negligent acts (a-f) Timothy Chabot would have had the opportunity to have his criminal case appealed and heard.

78. He would have testified in the civil case and would have received the same amount if nor more than the other Plaintiff Martha Wilson.

79. As a direct result of the Defendant's negligence of the above entitled acts a-f Timothy Chabot case was dismissed with prejudice and could not filed because he was outside of the statute of limitations due to the fact the Defendants filed the civil suit within a month of the statute of limitations, was unable to testify and to this day still has an active warrant.

80. Timothy Chabot's mother was awarded $67,500.00 in her case and would have received more the jury after the trial stated they wanted to give her more but without Timothy Chabot's testimony they felt they couldn't because Timothy Chabot did not testify all due to the Defendants negligent acts.

81. The Honorable Magistrate Lynch and Honorable Judge Browning noted that indeed that the Defendant's had no authority to do what they did and at the very least warranted an evidential hearing.

82. Timothy Chabot incurred damages due to the Defendants actions and will incur more damages including this lawsuit and future legal fees to take care of Timothy Chabot's warrant.

83. Consequently for the foregoing reasons, the Defendants are jointly and severally liable to the Plaintiff for their negligence

## COUNT III

## PUNITIVE DAMAGES AGAINST DEFENDANT'S JOSEPH KENNEDY, SHANNON KENEDY, AND THE KENNEDY LAW FIRM AKA KENNEDY KENNEDY & IVES,LLC

84. Plaintiff refers to and incorporates herein the allegations, statements and all above paragraphs herein above, and makes them a part of hereof as though set forth at length.

85. *The actions of Defendants alleged above constitutes conduct which was carried out by* them with a willful and intentional disregard for the rights of the Plaintiffs, in direct violation of Defendants fiduciary duties, and constituted an abuse of process, as well as oppression and fraud by virtue of their false representations, concealment of material facts and knowing and egregious disregard of their fiduciary duties. As a consequence thereof, Plaintiffs are entitled to the following punitive damages on all accounts set forth in this complaint including emotional distressed.

## JURY DEMAND

86. The Plaintiff Timothy Chabot request a jury trial on all accounts against all Defendants name in this complaint.

## CONCLUSION

WHEREFORE, The Plaintiff Timothy Chabot seeks damages incurred by the defendants on all accounts for professional and legal malpractice in the access of $75,000.00 including but not limited to costs, fees, post judgment and prejudgment interest. Due to the nature of the previously cases the extent of the exhibits will be admitted through and in the discovery stage of this case. There is an excess of 817 pages file in the fore mentioned civil federal case against the officers alone not including internal emails, faxes, letters and documents from the criminal case. Furthermore the Plaintiff reserves the right to amend his complaint to file additional claims before and after discovery.

Respectfully Submitted,

Timothy Chabot

PO Box 31051

Myrtle Beach, SC 29588