UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Chabot,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Joseph P. Kennedy,<br>Shannon L. Nee Kennedy Oliver,<br>and Kennedy Law Firm, also known as Kennedy,<br>Kennedy & Ives, LLC.,<br><br>　　　　　　Defendants. | C/A No. 4:14-4611-RBH-KDW<br><br>**ORDER**<br>**Action Required by**<br>**Defendant Kennedy Law Firm** |

On February 3, 2015, Defendants, two individual attorneys licensed to practice in New Mexico and one limited-liability corporation law firm with offices in New Mexico, filed a Motion to Dismiss, asking the court to dismiss this case for lack of personal jurisdiction over Defendants. ECF No. 16. The Motion is filed on behalf of all three Defendants. It is signed personally by each of the individual Defendants Joseph P. Kennedy and Shannon L. Kennedy with each designated "Defendant Pro Se." *Id.* at 3. It is also signed by Defendant Pro Se Joseph P. Kennedy apparently on behalf of the third Defendant, Kennedy Law Firm, indicating Kennedy Law Firm is a "Defendant Pro Se." *Id.* at 4.

The day after the Motion to Dismiss was filed, however, the court issued an order advising Defendants that the Defendant Kennedy Law Firm cannot proceed pro se and must be represented by an attorney admitted to this court (to include admission pro hac vice). Order 1-3, ECF No. 17 (citing applicable law). *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . [T]he rationale for

that rule applies equally to all artificial entities." (citations omitted)); *see also Honour Tech. Grp., Inc. v. United States*, 326 F. App'x 141, 142 (4th Cir. 2009) (this rule also applies to limited liability corporations); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (4th Cir. 1998) (unpublished opinion). *Cf.* Local Civ. Rule 83.I.07(B)(2) (D.S.C.) (advising counsel seeking to withdraw from representing corporate client must advise that client that it may not proceed without counsel admitted in the District of South Carolina and that "it may be held in default or have its claims dismissed if it fails to obtain [] counsel within a reasonable time."). The court's February 4, 2015 Order unequivocally states that the matter cannot proceed as to the Kennedy Law Firm without appearance by counsel. *Id.* at 2. Importantly, the Order advises Defendant Kennedy Law Firm that, by February 27, 2015, it must "retain local counsel admitted to practice in this court" to represent its interests in this matter. *Id.* at 4. In the event Kennedy Law Firm did not timely retain local counsel to appear on its behalf in this matter, the court advises the Motion to Dismiss "will be partially stricken by the court to the extent that it purports to be filed on the law firm's behalf." *Id.*

Despite the court's warning, no authorized counsel has appeared to represent the interests of the Kennedy Law Firm, nor has anyone contacted the court on behalf of Kennedy Law Firm regarding the deadline for obtaining local counsel to represent its interests in this matter. Defendant Kennedy Law Firm is again advised that it cannot proceed pro se, even through the "representation" by co-Defendants. Failure to comply with court rules could have serious consequences including, but not limited to, striking a defense, striking a pleading, and/or holding the party in default. Accordingly, no later than **April 10, 2015**, Defendant Kennedy Law Firm must have retained counsel licensed to practice in this District and that counsel is to have filed a formal appearance in this case. *If Defendant Kennedy Law Firm fails to retain licensed counsel*

*who files an entry of appearance within this deadline, then it will be recommended that the pending Motion to Dismiss be stricken as to it and default be entered against it.*

The Clerk of Court is to serve a copy of this Order on all Defendants, sending it by regular and certified mail to the last available address of record.

IT IS SO ORDERED.

March 24, 2015  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge