UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Chabot, | ) | C/A No. 4:14-4611-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Joseph P. Kennedy; Shannon L. Nee | ) | |
| Kennedy Oliver; Kennedy Law Firm, | ) | |
| A/K/A Kennedy Kennedy & Ives, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Proceeding pro se, Plaintiff Timothy Chabot ("Plaintiff" or "Chabot") brought a legal malpractice claim in this court against his former New Mexico counsel, Joseph P. Kennedy and Shannon L. Nee Kennedy Oliver ("Individual Defendants") and their law firm, Kennedy Law Firm, a/k/a Kennedy Kennedy & Ives, LLC ("Defendant Firm") [collectively, "Defendants"]. ECF No. 1. This matter is before the court on the Motions to Dismiss of Defendants, in which they allege this court does not have personal jurisdiction over them. ECF Nos. 16, 41.[1] Having considered Plaintiff's Response to the Motions, ECF No. 25, and applicable law, the undersigned recommends the Motions to Dismiss be *granted,* and, to the extent Plaintiff's Response is construed in the alternative as a Motion to Change Venue to Maryland or North Carolina, that Motion be *denied*.

---

[1] Because Plaintiff is proceeding pro se, pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the pending motions are dispositive, the undersigned enters this Report for the district judge's consideration.

I.       Background

In response to Plaintiff's Complaint, Defendants filed a "Joint Motion to Dismiss for Lack of Personal Jurisdiction" on February 4, 2015. ECF No. 16. The Motion was signed by each Individual Defendant and by Defendant Joseph Kennedy on behalf of the Firm Defendant. In a February 4, 2015 Order, the undersigned advised Defendant Firm that, as a corporation, it could not proceed pro se and that this court's Local Civil Rules required that it obtain counsel authorized to practice before this court. ECF No. 17. The court further noted that the Joint Motion to Dismiss would be considered as to the Individual Defendants but it would be recommended that the pleading be stricken as to the Defendant Firm if counsel did not appear on the Firm's behalf by February 27, 2015. *Id.* No counsel had appeared by the court's February 27, 2015. However, given the court's preference to consider the merits of issues presented when possible,[2] the court extended that deadline to April 10, 2015. ECF No. 26. On April 9, 2015, Lucy C. Sanders, an attorney authorized to practice before this court, filed a Motion to Allow Amended Responsive Pleading on behalf of the Defendant Firm. ECF No. 36. The court granted the motion to amend, and ordered the Defendant Firm to file its pleading no later than April 14, 2015. On that date, the Defendant Firm filed its Amended Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 41. Plaintiff was given 34 days to file any response to the Amended Motion. ECF No. 42. Plaintiff was advised that, because the original Motion to Dismiss, ECF No. 16, was virtually identical in substance to the Amended Motion to Dismiss, the court would consider Plaintiff's response to the earlier motion to be responsive to both. *Id.*

---

[2] Plaintiff points out the Defendant Firm's failure to meet the court's initial deadline and asks the court to deny the motions to dismiss on that alone. Pl.'s Mem. 7. Although chagrined by the Defendant Firm's delay in obtaining South Carolina counsel, the court does not find that reason enough to deny this challenge to the court's personal jurisdiction.

II.    Personal Jurisdiction: Standard of Review

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). However, when, as in this case, the court addresses the question of personal jurisdiction on the basis of "'motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge.'" *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (quoting *Combs*, 886 F.2d at 676). Upon such review, the court is required to "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676; *see also Stepheny v. Alvin S. Glenn Det. Ctr.*, C/A No. 8:06-2157-MBS, 2007 WL 542617 (D.S.C. Feb. 15, 2007).[3] In addition, the court construes all facts and inferences in the light most favorable to Plaintiff, a pro se litigant. *Cf. Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (noting pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

Plaintiff must base his claim that personal jurisdiction exists on "specific facts set forth in the record." *Magic Toyota, Inc. v. Se. Toyota Distributs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). As the Fourth Circuit Court of Appeals explained in *Mylan Laboratories, Inc. v. Akzo,*

---

[3] A court's threshold finding that plaintiff has established a prima facie case of personal jurisdiction over a moving defendant does not settle that issue with finality. Rather, "'plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing.'" *New Wellington*, 416 F.3d at 294 n.5 (quoting *Prod. Group Int'l v. Goldman*, 337 F. Supp. 2d 788, 793 n.2 (E.D. Va. 2004) (internal citation omitted)).

*N.V.*, 2 F.3d 56 (4th Cir. 1993), the court is to draw all "reasonable" inferences in favor of the plaintiff and is to look to the proof proffered by all parties in considering a motion challenging personal jurisdiction. *Id.* at 62. Nonetheless, the court "need not 'credit conclusory allegations or draw farfetched inferences.'" *Sonoco Prods. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 405 (D.S.C. 2012) (quoting *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2240, 2000 WL 691100, at *1 (4th Cir. May 30, 2000)).

III.    Background and Relevant Facts

Plaintiff's lengthy Complaint includes causes of action for legal malpractice, breach of fiduciary duty, and negligence as to the Individual Defendants and their law firm (Defendant Firm) for their representation of Plaintiff in New Mexico criminal and civil matters. Defendants had represented Plaintiff in a criminal matter and represented Plaintiff and his mother, Martha Wilson ("Wilson") in a related § 1983 claim. *See Wilson v. Albuquerque Police Officers*, No. CIV 10-797 JB/WPG, 2012 WL 1684595 (D.N.M. May 10, 2012) (denying Rule 60(b)(1) motion and ending 42 U.S.C. § 1983 claim brought by Plaintiff Chabot and Wilson).[4] A jury awarded Wilson $67,500 in damages in the § 1983 case. Based on representations of his counsel, Defendant Joseph Kennedy, Plaintiff's claims were dismissed with prejudice. *See id.* at *2. Subsequently, Plaintiff filed a Rule 60(b) Motion to Vacate or Amend the Final Judgment, alleging Kennedy had not been given authority to dismiss Plaintiff's claims with prejudice. The court found, *arguendo*, that counsel had acted without authority and found Plaintiff had demonstrated excusable neglect in counsel's having Plaintiff's claims dismissed with prejudice.

---

[4] Plaintiff has provided an excerpt from the final order in the § 1983 case. Because the court may take judicial notice of court records, the court references the Westlaw citation to the full version of that May 10, 2012 Order and makes note of it herein as appropriate for contextual purposes. *See Mann v. Peoples First Nat. Bank & Trust Co*., 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t] he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").

Although that finding satisfied Rule 60(b)(1), the court found the error to have been harmless because the statute of limitations had run and would bar any attempt to continue to pursue his § 1983 claims. *Id.* at *4-6.

For purposes of considering this jurisdictional motion, the court now focuses on facts relevant to whether it has personal jurisdiction over these Defendants.

Plaintiff notes in his Complaint that he resides in South Carolina and that all Defendants reside in New Mexico. *See* Compl. ¶¶ 1-3. Neither of the Individual Defendants has ever been to South Carolina or represented clients in South Carolina. Defendant Firm has never conducted business in or entered contracts to be performed in South Carolina. Joseph Kennedy Aff. ¶¶ 1, 3, ECF No. 41-1. The alleged tortious activity about which Plaintiff complains did not arise out of business conducted in South Carolina; instead the facts underlying the criminal and civil matters all took place in New Mexico. *Id.* ¶ 9. Joseph Kennedy affirms that the representation of Plaintiff took place in New Mexico with the exception of one telephone deposition in which Plaintiff was in Maryland and Defendant Joseph Kennedy was in New Mexico. *Id.* ¶¶ 3, 8, 9, 10, 11.

Plaintiff states in his response that he talked to Defendants by telephone when he lived with his brother in South Carolina "sometime after the trial." Pl.'s Mem. 11. Plaintiff also states that "[c]ommunication between the Plaintiff[] and Defendants carried over in various states which included New Mexico, Maryland, South Carolina and North Carolina. *Id.* at 10. Plaintiff's response includes excerpts of various exhibits, some of which relate to the relative merits of his malpractice claim and have little-to-no bearing on the personal jurisdiction issue now under consideration.

IV.    Analysis

    A.  Applicable Law

Federal courts exercise personal jurisdiction in the manner provided by state law, so the court must first consider whether South Carolina law would authorize jurisdiction over Defendants. If South Carolina law would permit jurisdiction, the court must decide whether exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, has been interpreted to reach the outer bounds permitted by the Due Process Clause. *Id.*; *see S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130 (S.C. 1992). Accordingly, the court's inquiry is whether the activities of Defendants were such that the court's exercise of jurisdiction over them in this matter would comport with due process. *See Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996). To determine whether personal jurisdiction exists, the court must consider the facts in the light most favorable to Plaintiff. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)

A court's exercise of jurisdiction over a nonresident defendant comports with due process when the defendant has "'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" *Carefirst,* 334 F.3d at 397 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)). The court's inquiry regarding whether personal jurisdiction exists varies "depending on whether the defendant's contacts with the forum state also provide the basis for the suit." *Carefirst*, 334 F.3d at 397. In such a case, the court will consider whether it has "specific" jurisdiction over the defendant by considering the following:

"(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff['s] claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* (quoting *ALS Scan v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002)). In certain circumstances, South Carolina's long-arm statutes will permit personal jurisdiction over individual defendants based on actions of an individual nonresident employee, officer, or director of a corporation. *See Magic Toyota*, 784 F. Supp. at 314-15 (citing *Columbia Briargate Co. v. First Nat'l Bank,* 713 F.2d 1052 (4th Cir. 1983)).

Absent such "specific jurisdiction," the court may consider whether it has "general jurisdiction" over the nonresident. General jurisdiction exists when a defendant's contacts with the state are not the basis for the suit, but defendant's contacts with the state afford jurisdiction because they are "general [and] more persistent." *Carefirst*, 334 F.3d at 397. To establish such general jurisdiction, "the defendant's activities in the state must have been 'continuous and systematic.'" *Id.* (quoting *ALS Scan*, 293 F.3d at 712). These activities must be "so substantial and of such a nature as to justify suit against [a defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.,* 326 U.S. at 318. General jurisdiction is proper where the defendant has purposefully "availed himself of the privilege of conducting business [in the forum state]." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).

B.  The Court Lacks Personal Jurisdiction over Defendants.

Unquestionably, the alleged actions or inactions that form the basis for this suit are wholly unrelated to South Carolina. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).  Accordingly, the court only need analyze whether general jurisdiction

exists. General jurisdiction is appropriate here only if Plaintiff can demonstrate that Defendants had contacts with South Carolina that were "general and persistent." He cannot do so. As set out in Joseph Kennedy's affidavit, none of the Defendants ever had *any* contacts whatsoever with South Carolina. Defendants have never purposefully directed their activities towards South Carolina residents, nor have they represented any clients in South Carolina courts. *See* Kennedy Aff. ¶¶ 3-8.

Defendants did not have "continuous and systematic" or "fairly extensive" contacts with South Carolina such that exercising general jurisdiction would not offend "traditional notions of fair play and substantial justice." *See Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1199 (4th Cir. 1993) (noting "only when the continuous corporate operation [sic] within a state [is] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities may a court assert general jurisdiction over a corporate defendant." (quotation marks and citations omitted)). This court has no personal jurisdiction over Defendants.

A key theme to Plaintiff's arguments regarding why this court should exercise jurisdiction over Defendants relates more to where *Plaintiff* now has contacts and why it would be appropriate for Defendants to be required to appear in a court in a state where Plaintiff has now moved. For example, Plaintiff argues that, because of an outstanding warrant against Plaintiff in New Mexico, Plaintiff has needed to move around to "North Carolina, Maryland and South Carolina[.]" Pl.'s Mem. 8. Plaintiff attributes the existence of the outstanding warrant to Defendants' malpractice. *Id.* Because of this alleged malpractice and allegedly resulting warrant, Plaintiff indicates he "has had to constantly move around to find work[.]" *Id.* Plaintiff cites no legal authority to support his argument, nor is the court aware of any such line of cases.

Plaintiff also submits that he has a right to have his case heard in the Fourth Circuit, which, he properly notes, includes Maryland, North Carolina, and South Carolina. *Id.* at 8-10. Plaintiff takes issue with Defendants' argument that Plaintiff filed suit in South Carolina merely because it was convenient for him. Instead, he indicates South Carolina would be a "neutral ground to have a fair trial" and it would be "absolutely prejudicial to have the Plaintiff travel to New Mexico" for this case because of the outstanding warrant and because of Defendants' many contacts in New Mexico. *Id.* at 10. Again, these arguments focus only on Plaintiff and do not take into account whether Defendant had a relationship with South Carolina. Even if all facts alleged by Plaintiff are accurate,[5] they do nothing to demonstrate any Defendant had anything like the "continuous and systematic" contacts with South Carolina that would be required for this court to exercise jurisdiction over any of them. *See Carefirst*, 334 F.3d at 397; *ALS Scan*, 293 F.3d at 712.

Further, to the extent Plaintiff argues personal jurisdiction should be appropriate simply because he now resides in South Carolina, that argument is unavailing. As one district court has noted:

> [H]aving a plaintiff domiciled in the forum state is neither a necessary nor a sufficient condition for the exercise of personal jurisdiction. The Fourth Circuit has found general personal jurisdiction lacking where resident plaintiffs were involved and the defendant possessed more substantial contacts with the forum state than in the instant case. *ESAB Group*, 126 F.3d at 624. The court in *ESAB Group* noted that the defendant's contacts with South Carolina fell short of constitutional requirements despite the fact that "South Carolina courts in this case would be seeking to vindicate the interests of their own citizens." *Id.*

---

[5] The undersigned offers no opinion as to the relative merits concerning Plaintiff's malpractice case itself.

9

*Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 520 (D. Md. 2003). Similarly, Plaintiff's now-residency in South Carolina falls far short. This court does not have personal jurisdiction over Defendants, and the Motions to Dismiss should be granted.

C.  Plaintiff's Alternate Request to Transfer to Maryland or North Carolina

In the event the court finds South Carolina courts have no jurisdiction over Defendants, Plaintiff briefly argues the case should be transferred to Maryland or North Carolina. Pl.'s Mem. 11. He submits that the exhibits attached to his memorandum "clearly show numerous contacts between the Plaintiff and the Defendants in Maryland." *Id.* Plaintiff generally cites both 28 U.S.C. § 1406 and 28 U.S.C. § 1631 in seeking transfer of venue.[6]

Liberally construing the pleadings of this pro se Plaintiff, the court may consider Plaintiff's request as an Alternative Motion to Transfer Venue.  As another district court in the Fourth Circuit Court of Appeals recently noted in considering a motion brought under 28 U.S.C. § 1406:

> When personal jurisdiction is lacking, 28 U.S.C. § 1406(a) authorizes the court to transfer the case, regardless of the propriety of venue. *Porter v. Groat,* 840 F.2d 255, 257–58 (4th Cir. 1988); *Convergence Techs. (USA), LLC v. Microloops Corp.,* 711 F. Supp. 2d 626, 640 (E.D. Va. 2010); *Estate of Bank v. Swiss Valley Farms Co.,* 286 F. Supp. 2d 514, 522 (D. Md. 2003) ("Transfer had [sic] been deemed proper under section 1406 when there is an obstacle—either incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits in the forum where originally brought." (quoting *Dubin v. United States,* 380 F.2d 813, 816 (5th Cir. 1967)) (quotation marks omitted)). Section 1406 states that a district court may transfer a case to any district in which the case could have been brought if transfer is "in the interest of justice."

*Wright v. Zacky & Sons Poultry, LLC*, No. 1:14CV570, 2015 WL 2357430, at *8 (M.D.N.C. May 15, 2015). Section 1631 of Title 28 of the U.S. Code permits transfer of an action over which a court lacks jurisdiction to "any other such court in which the action [] could have been

---

[6] As Defendants did not file a brief in reply to Plaintiff's responsive memorandum, they have not taken a position regarding Plaintiff's alternative request for change of venue.

brought at the time it was filed," if such transfer would be in the interest of justice. 28 U.S.C. § 1631. Such a transfer is not mandatory. *See Jones v. Braxton,* 392 F.3d 683, 691 (4th Cir. 2004); *Paul v. I.N.S.*, 348 F.3d 43, 46 (2d Cir. 2003) ("As we read this statute, the district court was required to transfer [the case under 28 U.S.C. § 1631] unless it was not in the interest of justice to do so.").

Sections 1406 and 1631 both still require something Plaintiff has not established—jurisdiction and venue in the potential transferor courts. *See generally Porter*, 840 F.2d at 257-58 ("[W]e adopt as the rule in [the Fourth Circuit] the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district."); *Swiss Valley Farms Co.,* 286 F. Supp. 2d at 522 (noting transfer of venue has been considered "proper under section 1406 when there is an obstacle—either incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits in the forum where originally brought." (quoting *Dubin v. United States,* 380 F.2d 813, 816 (5th Cir. 1967)) (quotation marks omitted)); *see also Sorcia v. Holder*, 643 F.3d 117, 123 (4th Cir. 2011) (noting the potential merits of a claim "bears significantly on whether the court should transfer" the matter to another venue).

Here, Plaintiff's reasons for claiming Maryland or North Carolina would be appropriate alternative venues hinge on little more than his own residence in those states at various times after leaving New Mexico. As more fully discussed above, that a plaintiff resides in a jurisdiction does not confer personal jurisdiction. *See Swiss Valley Farms Co.*, 286 F. Supp. 2d at 520. Like South Carolina, both North Carolina and Maryland have construed their respective long-arm statutes to extend to the reach of due process. *See Christian Sci. Bd. of Dirs. of the First Church*

*of Christ, Scientist v. Nolan,* 259 F.3d 209, 215 (4th Cir. 2001) (holding North Carolina's long-arm statute runs coextensive with the federal Due Process Clause); *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 486 (Md. 2006) (same as to the Maryland long-arm statute). Accordingly, the same analysis set forth above as to jurisdiction in South Carolina is applicable.

The only contacts with North Carolina that Plaintiff references is that he moved there at one time to find work and he had communications with Defendants when in North Carolina. Pl.'s Mem. 8, 11. Similarly, Plaintiff suggests Maryland, another place he had moved to find work, would be an appropriate forum. Plaintiff submits exhibits he provides demonstrate Defendants' "numerous contacts between the Plaintiff and the Defendants in Maryland." *Id.* at 11. Although Plaintiff does not cite to specific exhibits in support of this argument, the court notes several statements and affidavits apparently filed in the New Mexico § 1983 action that were signed by Plaintiff, Wilson, and Plaintiff's sister while in Maryland. *E.g.*, ECF No. 25-1 at 29-37. Without citing to specific documents, Plaintiff submits Defendant "entered his appearance on record and dismissed his case" in Maryland. Pl.'s Resp. 11.

The undersigned has reviewed all exhibits provided by Plaintiff and finds nothing in those exhibits to support a finding that Defendants would be subject to personal jurisdiction in that state. Defendant Joseph Kennedy has noted Plaintiff resided in Maryland at the time of a deposition in the underlying New Mexico case(s). Kennedy Aff. ¶¶ 10, 11. Kennedy's participating in a telephone deposition in which his client was in Maryland is not sufficient to confer jurisdiction there.

Further, Plaintiff cannot show venue would be proper in either of the alternative venues he proposes. The federal venue statute provides in part as follows:

(b) Venue in general.--A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Plaintiff's legal malpractice action against Defendants does not satisfy any of these possible venue requirements as to Maryland or North Carolina as no Defendant resides in either of those jurisdictions or that a "substantial part of the events or omissions giving rise to the claim occurred" in either of those states. 28 U.S.C. § 1391(b)(1) and (2). Plaintiff's request to transfer venue to North Carolina or Maryland should be denied.

The third venue option applies only if there is no district in which venue would lie under subsections (1) or (2), and is inapplicable here. 28 U.S.C. § 1391(b)(3). Plainly, this matter could have been brought in New Mexico, where all Defendants reside and where, by anyone's account, a "substantial part of the events or omissions giving rise to the claim occurred[.]" *Id.* Although New Mexico would be an appropriate venue,[7] Plaintiff has specifically stated he does not wish to pursue this matter in New Mexico because of an outstanding warrant and because of Defendants' ties there. *See* Pl.'s Mem. 10.

---

[7] In its May 2012 final order, the U.S. District Court for the District of New Mexico noted, "If Wilson and Timothy Chabot's attorney did not act reasonably, Wilson and Timothy Chabot can proceed with a malpractice action[.]" 2012 WL 1684595, at *6. *See Mambo v. Hannah Best & Assocs.*, No. 29,610, 2009 WL 6662904, at *2 (N.M. Ct. App. Nov. 25, 2009) (finding legal malpractice plaintiff's claim occurred the day his claim was dismissed and citing NMSA 1978, § 37-1-4 as New Mexico's four-year statute of limitations applicable to legal malpractice action).

V.      Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the Motions to Dismiss of Defendants (ECF Nos. 16, 41) be *granted*. To the extent Plaintiff is considered to have brought an alternative motion to transfer venue to North Carolina or Maryland, such motion should be denied.

IT IS SO RECOMMENDED.


July 14, 2015                                      Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**