UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Chabot, | ) | Civil Action No.: 4:14-cv-04611-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph P. Kennedy, Shannon L. Nee | ) | |
| Kennedy Oliver, and the Kennedy | ) | |
| Law Firm, a/k/a Kennedy Kennedy | ) | |
| & Ives, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Timothy Chabot, proceeding pro se, filed a complaint against the above named Defendants asserting claims for legal malpractice, breach of fiduciary duty, and negligence. *See* ECF No. 1. Defendants filed motions to dismiss for lack of personal jurisdiction, *see* ECF Nos. 16 & 41, and Plaintiff filed a response in opposition. *See* ECF No. 25. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 47. The Magistrate Judge recommends the Court (a) grant Defendants' motions to dismiss; and (b) to the extent Plaintiff's response could be construed as a motion to transfer venue to Maryland or North Carolina, deny that motion. *Id.* at 1, 14.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.

---

[1] The Magistrate Judge conducted her review of Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

No party has filed objections to the R & R.  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having thoroughly reviewed the record in this case, the Court finds no clear error, and therefore adopts and incorporates by reference the R & R [ECF No. 47] of the Magistrate Judge.  It is therefore **ORDERED** that Defendants' motions to dismiss [ECF Nos. 16 & 41] are **GRANTED** and, to the extent Plaintiff's response [ECF No. 25] could be construed as a motion to transfer venue to Maryland or North Carolina, that motion is **DENIED**.

**IT IS SO ORDERED.**

Florence, South Carolina                                                                            s/ R. Bryan Harwell
August 10, 2015                                                                                          R. Bryan Harwell
                                                                                                                United States District Judge